## RICHERSON et al. v. BUTTERWORTH.

Court of Appeals of Kentucky.

Oct. 2, 1953.

Nat Ryan Hughes, Murray, for appellants.

Wells Overbey, Murray, for appellee.

COMBS, Justice.

This is an action for damages resulting from a collision between the automobile of the plaintiff, Dr. A. D. Butterworth, and an automobile owned by the defendant Ralph Richerson and driven by his brother Gerald Richerson. The trial court directed the jury to find for Dr. Butterworth and the appeal is from a judgment of $700 in his favor.

Richerson was traveling north on Fourth Street in the town of Murray and Dr. Butterworth was traveling south on a road which is an extension of Fourth Street. The two cars collided "head on" about two car lengths south of the intersection of Fourth Street with Chestnut Street, which runs east and west. The south side of Chestnut Street is also the northern city limit of the town. At the time of the accident, Richerson's car was on the wrong side

of the street and his negligence is admitted. The only evidence of negligence on the part of Dr. Butterworth relates to speed, and the question is whether there was sufficient evidence of excessive speed on his part to require submission of the case to the jury.

We are also confronted with a motion by Dr. Butterworth to dismiss the appeal because the transcript of the record was not filed within the time prescribed by section 738 of Carroll's Civil Code of Practice. The judgment was entered on August 13, 1952. Two days later an order was entered overruling the Richersons' motion for a new trial and purporting to grant an appeal. The record and bill of exceptions were filed in this Court on January 7, 1953, with a motion to grant an appeal, notice of the motion having previously been given to Dr. Butterworth's attorney. As the amount of judgment is $700, KRS 21.080, 1953 edition, which governs the method of taking an appeal where the amount is more than $200 and less than $2,500, is applicable. The trial court, therefore, had no authority to grant an appeal and that part of its order purporting to do so is surplusage. The proper method for bringing an appeal to this Court in those cases which fall under KRS 21.080 is to file the record in the office of the Clerk of this Court within the statutory time, with proper notice and motion for this Court to grant an appeal. The appellants have complied with the statute. The motion to dismiss the appeal is overruled.

We revert to the matter of Dr. Butterworth's speed. As we construe the testimony, the collision occurred a few feet within the city limits. But whether it was within or without the limits of the city is immaterial since the speed limit within the city was not proved. It is clear, however, that the accident occurred in a "business district" within the meaning of KRS 189.-390, 1953 edition. That section, which was applicable at the time of the accident, fixes the speed limit for automobiles in a business district at 35 miles per hour. Dr. Butterworth testified he was driving at a speed of 40 to 50 miles per hour when he first saw the Richerson car. At that time the Doctor was approaching the crest of a small hill, which is located just north of the city limits. Observing that the Richerson car was in his lane of traffic, he says he applied his brakes and he estimates his speed at the time of impact at less than 20 to 25 miles per hour. But tire marks on the road indicated that his car skidded some 45 feet prior to the impact. Testimony as to speed signs along the Doctor's route is not clear but it appears he had just passed through a section designated by a sign as a 45-mile speed zone and that the intersection where the accident occurred was within a section designated as a 35-mile speed zone. The defendant, Gerald Richerson, testified that when he first saw Dr. Butterworth's car some 125 feet away it was "coming at a terrible speed," 60 or 65 miles per hour, perhaps faster. Alton Hughes, who appears to be a disinterested witness and was in position to judge the speed of the Butterworth car, estimated its speed at 45 to 50 miles per hour as it entered the intersection immediately prior to the collision.

Considering the length of the tire marks on the road, the testimony of the witnesses, and the force of the collision which is established by the extensive damage to both vehicles, we are forced to the conclusion that the question whether Dr. Butterworth was driving at an excessive rate of speed and whether this contributed to cause the accident should have been submitted to the jury.

The contention is also made that the Richersons were entitled to have their counterclaim submitted to the jury under a Last Clear Chance instruction. Without elaborating on the question it is sufficient to say that we do not consider this a Last Clear Chance case and that such an instruction was properly refused.

The judgment is reversed for proceedings consistent with this opinion.